**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ALEX RAHMI,**

       Appellant,

**v.**                                   **CIVIL ACTION NO. 3:14-CV-18**
                                                                     **(JUDGE GROH)**

**ROBERT W. TRUMBLE,**

       Appellee.

## ORDER DENYING SECOND MOTION FOR EXTENSION OF TIME FOR FILING THE BRIEF

Currently pending before the Court is *pro se* Appellant Alex Rahmi's Second Motion for Extension of Time for Filing the Brief, filed on March 25, 2014 [Doc. 11]. For the following reasons, the Court **DENIES** this motion.

On February 4, 2014, the Appellant appealed an order of the United States Bankruptcy Court for the Northern District of West Virginia in Bankruptcy Case Number 09-2621 granting the Appellee's Motion to Compel Debtor's Partner, Alex Rahmi, to Turn Over Assets of the Bankruptcy Estate. Pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1), The Appellant needed to "serve and file a brief within 14 days after entry of the appeal on the docket," or February 18, 2014.

On February 12, 2014, the Appellant filed a Motion for Extension of Time for Filing the Brief. In that motion, the Appellant asked that the Court extend the brief deadline because he was "attending prior legal matters in the Circuit Court of Montgomery County

1

Maryland." The Appellant supported this contention with a notice of hearing issued on January 10, 2014 by the Orphans' Court in a case concerning the estate of Rohollah Rahmi. The notice scheduled a hearing concerning a motion for protective order for February 21, 2014. In light of the Orphans' Court hearing, The Appellant stated that he "can complete all necessary filing by March 25, 2014" and requested that the Court extend the deadline to that date. On February 19, 2014, the Court granted this motion and extended the deadline to March 25, 2014.

On March 25, 2014, the Appellant filed the instant motion that requests a second extension of the brief deadline. In this motion, The Appellant asks that he have until April 25, 2014 to file a brief. He again bases his request on legal proceedings unrelated to this appeal. First, the Appellant avers that a bankruptcy case in which he is the debtor is scheduled for a hearing on April 3, 2014. He supports this assertion with two orders issued by the United States Bankruptcy Court for the Northern District of West Virginia in Bankruptcy Case Number 3:12-bk-200 on March 17, 2014. The first order scheduled a final evidentiary hearing on a motion to convert for April 3, 2014. The second order granted The Appellant's application to employ counsel for the Appellant in the Orphans' Court proceeding, effective November 1, 2013. Next, the Appellant avers that there is a hearing scheduled for March 28, 2014 in the Orphans' Court case. He alleges that "[t]he outcome of this hearing with a possible [o]ut of [c]ourt settlement would lead to removal of pending litigations." The Appellant supports this allegation with a December 17, 2013 order from the Orphans' Court and a petition to remove personal representative that he filed in that case. The order schedules a hearing for March 28, 2014 concerning the petition. The petition at issue appears to be the petition attached to the Appellant's motion, but it is undated and

2

not signed by the attorney who prepared it. Finally, the Appellant asserts that another extension would not prejudice any other parties.

Because the Appellant moved for an extension of time to file his brief on the deadline, the Court may grant the Appellant a second extension "for cause shown." FED. R. BANK. P. 9006(b)(1).

Having reviewed the Appellant's motion and the grounds offered in support thereof, the Court does not find cause to grant it. The Court has already extended the brief deadline by thirty-five days, more than twice the period allotted under Rule 8009(a)(1). This extension was considerable. Now, despite the fact that the Appellant stated in his prior motion that he could "complete all necessary filing" by March 25, 2014, he requests another significant extension–until April 25, 2014, an additional thirty-one days. The Appellant has provided no reason showing that the April 3, 2014 bankruptcy hearing or March 28, 2014 Orphans' Court hearing necessitate such an extension. The Appellant only asserts that these hearings are scheduled. He does not explain how, if at all, either hearing has impacted his ability to file a brief by the revised deadline. Indeed, it appears that the Appellant was aware of the Orphans' Court hearing when he stated that he could file a brief by March 25, 2014 because the order setting this hearing is dated months before he filed his first request for an extension. Thus, not only has the Appellant not addressed why this hearing prevented him from timely filing a brief, he has not addressed why he did not bring it to the Court's attention in his previous motion. Additionally, the Appellant has not explained why he could not prepare and file a brief between this Court's February 19, 2014 order granting him an extension and the bankruptcy court's March 17, 2014 order setting the hearing, a period of nearly one month.

In sum, the Appellant only asserts that he is involved in other legal matters. The Court, recognizing that the Appellant is proceeding *pro se*, exercised leniency in granting him one extension based on a hearing in an unrelated case. It declines to do so again–particularly because the Appellant does not even attempt to explain why the averred hearings (one of which he knew or should have known of when filing the prior motion) prevented him from filing a brief by the deadline that he stated he could meet. Moreover, although the Appellant asserts that another extension would not prejudice the other parties, a delay in filing a brief does prejudice the trustee and creditors. See In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997) (finding that appellant's delay in filing a brief prejudiced creditors and trustee). Accordingly, the Court finds that the Appellant has not shown cause to extend the brief deadline and **DENIES** his Second Motion for Extension of Time for Filing the Brief.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** April 1, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE