**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

ALEX RAHMI,

    Appellant,

v.                                                                                **CIVIL ACTION NO. 3:14-CV-18
(JUDGE GROH)**

ROBERT W. TRUMBLE,

    Appellee.

**ORDER DENYING MOTION FOR EXTENSION OF TIME AND DISMISSING CASE
FOR FAILURE TO PROSECUTE**

This matter is currently before the Court for consideration of the *pro se* Appellant's "Motion for Extension of Time for Filing the Breif [sic] Pursuant to 'Order to Show Cause'" [Doc. 17], filed on April 16, 2014. On April 3, 2014, the Court issued an Order to Show Cause, ordering the Appellant to explain his delay in filing a brief and arranging for the preparation of a hearing transcript that he designated as part of the record on appeal. For the reasons that follow, the Court **DENIES** the Appellant's "Motion for Extension of Time for Filing the Breif [sic] Pursuant to 'Order to Show Cause'" and **DISMISSES** the pending appeal for failure to prosecute.

**I. BACKGROUND**

On February 4, 2014, the Appellant appealed an order of the United States Bankruptcy Court for the Northern District of West Virginia in Bankruptcy Case Number 09-2621. The order granted the Appellee's Motion to Compel Debtor's Partner, Alex

1

Rahmi, to Turn Over Assets of the Bankruptcy Estate. The Appellant's designation of the items to be included in the record on appeal includes a transcript of a hearing conducted by the bankruptcy court on September 11, 2013. To date, the Appellant has not filed a written request for the transcript, made financial arrangements to pay for the transcript, or otherwise filed the transcript.

Additionally, on February 4, 2014, the clerk provided notice to the Appellant that he must file his brief within fourteen days from the date he filed this appeal. The Appellant filed a motion asking that he have until March 25, 2014 to file the brief, averring that he needed to attend to other legal matters. To that end, he attached a notice scheduling a hearing for February 21, 2014 in an estate matter before the Orphans' Court for Montgomery County, Maryland. He stated in his motion that he could "complete all necessary filing by" March 25, 2014. The Court granted this motion. On March 25, 2014, the Appellant requested an extension of the brief deadline to April 25, 2014. He based this request on an evidentiary hearing scheduled in his own bankruptcy case for April 3, 2014, and a hearing scheduled for March 28, 2014 in the Orphans' Court case. He did not, however, explain why the hearings impacted his ability to meet the deadline that he had requested. The Court denied this motion on April 1, 2014, finding that he had not shown cause for a second extension. Thus, the Appellant's brief was due on March 25, 2014. He has not filed a brief.

On April 3, 2014, the Court issued an Order to Show Cause. The Court ordered the Appellant to explain his delay in filing a brief and arranging for the preparation of the September 11, 2013 hearing transcript. On April 16, 2014, the Appellant filed a "Motion for Extension of Time for Filing the Breif [sic] Pursuant to 'Order to Show Cause.'" The

Court construes this motion as (1) responding to the Order to Show Cause; and (2) moving for an extension of time to file his brief. In this filing, the Appellant does not mention his failure to arrange for the filing of the hearing transcript. Rather, he only requests that the Court extend the brief deadline until May 30, 2014. The Appellant again argues that an extension is needed based on unrelated legal matters–a hearing scheduled for May 6, 2014 in his own bankruptcy case and proceedings that occurred in Maryland Orphans' Court on April 3, 2014. He attaches two orders supporting this contention. The first order, dated April 1, 2014, rescheduled the April 3, 2014 evidentiary hearing in the Appellant's bankruptcy case for May 8, 2014. The second order is from the Orphans' Court proceeding. Dated April 3, 2014, this order states only that "[t]he Court of Special Appeals . . . orders and directs that the above captioned appeal proceed without a Prehearing Conference."

## II. ANALYSIS

Federal Rule of Bankruptcy Procedure 8006 provides that, if a party designates a transcript of any proceeding as part of the record, "the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." Federal Rule of Bankruptcy Procedure 8009(a)(1) requires that an appellant "serve and file a brief within 14 days after entry of the appeal on the docket."

Pursuant to Federal Rule of Bankruptcy Procedure 8001(a), "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal." In determining whether a

3

dismissal for failure to comply with Rule 8006 and Rule 8009 is appropriate, a district court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." In re SPR Corp., 45 F.3d 70, 72 (4th Cir. 1995) (quoting In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992)).

According to Bankruptcy Rule 9006(b)(1), because Appellant filed his third motion for an extension of time to file the brief *after* the March 25, 2014 deadline, he must demonstrate "excusable neglect" before the Court may grant an extension. "Excusable neglect constitutes the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." In re Ryan, 350 B.R. 632, 634 (D.S.C. 2006) (quoting In re Jackson, 98 B.R. 738, 742 (Bankr. D. Md. 1986)). The Appellant does not allege that he had no notice of the date through no fault of his own, which has been deemed excusable neglect. See id. To the contrary, the Appellant requested the March 25, 2014 deadline and stated he could meet it. The Appellant instead directs the Court to more orders from proceedings unrelated to this appeal. Of those orders, the order from the Orphans' Court case does not even indicate that there are matters in that case that the Appellant must handle. It only states that the case will "proceed without a Prehearing Conference." Thus, the pendency of these legal matters is not excusable neglect as the Appellant does not even state a reason that the unrelated proceedings have impacted his ability to file a brief by the deadline that he stated he could meet.

Balancing the Serra Builders factors in light of the "harsh" sanction of dismissal of the appeal, the Court finds that dismissal of this appeal is appropriate. The Appellant had an opportunity to explain the delay when the Court issued an Order to Show Cause. In his response to the show cause order, he has not articulated one reason that would constitute justification or excuse his failure to file a brief or arrange for the preparation of the hearing transcript. The Court finds that the Appellant's failure to file a brief by the deadline was certainly the result of his negligence and very likely the result of bad faith. He had clear notice of the deadline as he specifically requested it. Since the Court granted his request, the Appellant has pointed to unrelated legal proceedings to justify further extension of the brief deadline. Not once, however, has he explained why those hearings impacted his ability to file a brief in this case–let alone why he could not meet a deadline he stated he could meet. Moreover, in his latest filing, he revises his requested extension from April 25, 2014 to May 30, 2014 without explaining why he did so. Further, the Appellant has not arranged for the transcript's preparation even though this appeal has been pending for nearly three months. The Appellant therefore has woefully failed to meet his obligation to "*immediately*" request the transcript and pay for it. Fed. R. Bankr. P. 8006 (emphasis added). Perhaps most troubling, however, is the fact that the Appellant does not even address this issue in his response to the show cause order. Thus, the Court finds that the Appellant's inaction regarding the transcript constitutes bad faith (or, at the very least, negligence) as he has not acknowledged that he must comply with Rule 8006 in the face of notice from the Court. See Davis v. Burke, Civil Action No. AW-04-2015, 2005 WL 4014096, at *2-*3 (D. Md. Apr. 4, 2005) (finding appellant acted in bad faith by not purchasing transcript despite notice from

5

court); see also In re Cabrera, Civil Action No. 3:07cv430, 2007 WL 4380275, at *2 (W.D.N.C. Dec. 11, 2007) (finding negligence where appellant failed to file a transcript).

The Court also finds that further continuation of these proceedings would prejudice the Appellee. See In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997) (finding that appellant's failure to file timely brief prejudiced trustee and creditors). The absence of the hearing transcript will prejudice the Appellee as the transcript is needed to review the bankruptcy court's factual findings. See In re Cabrera, 2007 WL 4380275, at *3; see also Davis, 2005 WL 4014096, at *3. Allowing the Appellant more time to file a brief or arrange for the transcript's preparation will also prejudice the Appellee's efforts to administer the bankruptcy estate promptly. See In re Cabrera, 2007 WL 4380275, at *3. Moreover, the Appellant's pattern of repeatedly requesting extensions solely based on the existence of other legal matters calls into serious question whether he would meet any deadline that the Court could set for the brief or transcript.

Finally, having considered the impact of dismissing the appeal, the Court finds that it is the most appropriate sanction. Dismissal is a harsh remedy. The Appellant, however, has demonstrated that he is setting aside his obligation to prosecute this appeal in favor of unrelated legal proceedings. His history of requesting extensions with no explanation beyond the mere existence of other cases leaves the Court with no assurance that the Appellant will ever meet a new deadline for his brief or preparation of the transcript. That is particularly the case for the transcript as the Appellant has not even acknowledged that he needs to arrange for its preparation and pay for it. The Appellant's actions therefore demonstrate that he is unwilling to comply with this Court's orders and procedural rules–even after the Court gave him an opportunity to explain his

delay.  Considering the Appellant's failure to file his brief and arrange for the preparation of the hearing transcript pursuant to Rule 8001(a) and the balancing test set forth in <u>Serra Builders</u>, the court finds that dismissal of this appeal is appropriate.

Accordingly, the Court **DENIES** the Appellant's "Motion for Extension of Time for Filing the Breif [sic] Pursuant to 'Order to Show Cause'" and **DISMISSES** the pending appeal for failure to prosecute.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** May 12, 2014.

GINA M. GROH
UNITED STATES DISTRICT JUDGE